UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

03 APR -3 PM 3:36

| | | |
|---|---|---|
| Tony Silva, Plaintiff | ) | |
| v. | ) | Tort Claim under 28 U.S.C. Section 2672 |
| United States, Defendant | ) | New Case No.__________ |

MOORE

MAGISTRATE JUDGE
O'SULLIVAN

**Tort Claim under 28 U.S.C. § 2672**

## JURISDICTION

The jurisdiction of this Court arises from title 28 U.S.C. Section 2672. The Federal Tort Claims Act allows a claimant to file for monetary damages against the United States for "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment."

## JURY DEMAND

The Plaintiff will request a trial by jury.

**STATEMENT OF THE FACTS/CASE**

1) On January 17, 1992, the U.S. Fish and Wildlife Service (henceforth FWS) executed a search warrant of Plaintiff and his mother's home.
2) At the time of execution of the search warrant, FWS agents seized, amongst many items, entire file cabinets, records, books and wildlife items, including an antique framed fur and feather headdress.
3) Plaintiff requested the return of his property from January 1992 onwards.
4) Inspite of repeated requests Plaintiff was unable to get the government to return his property and on March 8, 2000, Plaintiff filed a Rule 41(e) motion with the U.S. District Court for the Northern District of Illinois. The case number is 94 CR 760.
5) The government never responded to that court's notice.
6) On April 20, 2000, lacking any objection from the government, the aforementioned court entered its judgement in favor of Plaintiff.
7) Forty-eight days after the court issued its judgement, the government entered a motion for reconsideration and this motion was granted on

September 7, 2000. That motion rejected Plaintiff's request for the return of his property.

8) On September 15, 2000, Plaintiff filed an appeal.

9) On November 20, 2001, the U.S. Court of Appeals for the Seventh Circuit reversed and remanded the lower court's decision as to Plaintiff's property. See 2002 WL1497782 (7th Cir).

10) The Court or Appeals considered and rejected a number of arguments put forth by the government, including a statute of limitations bar.

11) On February 12, 2002, the government returned some of plaintiff's personal property. Missing was the headdress that is the subject of this claim.

12) On March 3, 2002, Plaintiff requested the return of the headdress.

13) On April 5, 2002, the government responded that they were not and had never been in possession of the headdress.

14) On April 14, 2002, Plaintiff responded to the government. Plaintiff showed, using the government's own evidence list, that the government did in fact possess the headdress.

15) On May 31, 2002, the government reversed itself. The government then admitted to having been in

possession of the headdress. The government's response included an affidavit by FWS agent R.T. Marks indicating that the headdress had been misplaced or destroyed.

16) FWS agent Marks could not provide any documented evidence that the headdress had been in fact been destroyed, only an excuse that the headdress might have been destroyed because of its poor condition. A photograph of the headdress, however, showed that it was framed and in perfect condition.

17) On September 13, 2002, Judge Bucklo of the U.S. District Court for the Northern District of Illinois issued an order indicating that Plaintiff could file a tort claim. The court gave Plaintiff the freedom to file a lawsuit in Florida, where he presently resides, if he was not satisfied with the tort claim response from the government.

18) On September 27, 2002, Plaintiff filed a tort claim with FWS.

19) On November 16, 2002, Mr. Metcalf, the person processing the tort claim for the FWS, called Plaintiff and after acknowledging the rarity and value of the headdress offered plaintiff a paultry amount. Plaintiff rejected the offer. Mr. Metcalf

indicated that he would pass the response along to his supervisor.

20) On January 16, 2003, Alton Woods, Assistant Solicitor of the U.S. Fish and Wildlife Service rejected Plaintiff's' tort claim claiming that it was statute of limitations barred.

21) Plaintiff first became aware that the headdress had been destroyed on May 31, 2002, when the agent involved in the seizure of the headdress submitted an affidavit indicating that the headdress was either misplaced or destroyed. Before April 5, 2002, the government had denied that the headdress existed. Plaintiff's claim is therefore not statute of limitations barred.

22) Based on the foregoing Plaintiff now files the instant lawsuit on March 18, 2003 in the U.S. District Court for the Southern District of Florida.

**CAUSES OF ACTION**

1. TONY SILVA ALLEGES THAT THE UNITED STATES IS LIABLE FOR THE WRONGFUL ACTS OF ITS EMPLOYEES , i.e. JAMES SCOTT HEARD AND RICHARD T. MARKS, AGENTS OF THE U.S. FISH AND WILDLIFE SERVICE AND ACTING WITHIN THE SCOPE OF THEIR AGENCY AND EMPLOYMENT.

2. TONY SILVA ALLEGES A CLAIM AGAINST THE UNITED STATES THROUGH OR BY THE AFOREMENTIONED AGENTS OF THE U.S. FISH AND WILDLIFE SERVICE. WHEREUPON THE GOVERNMENT DESTROYED A VALUABLE ANTIQUE HEADDRES WHICH IT NEVER SHOULD HAVE POSSESSED. AS A WHOLE THIS ACTION IS THE PROXIMATE CAUSE OF PLAINTIFF'S LOSS OF HIS PERSONAL.

---

Definition of abuse of process (Black's Law Dictionary, 7th Edition, by B.A. Garner, West Group, 1999): The improper and tortious use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope; also termed abuse of legal process; malicious abuse of process; wrongful process; wrongful process of law. Fundamental elements of this tort are ulterior purpose and a willful act in the use of process not proper in the regular conduct of the proceeding. *Barquis v. Merchants Collection Ass'n of Oackland, Inc., Cal.,* 7 C.3d 94, 101 Cal. Rptr. 745, 752, 496 P2d 817.

**MITIGATING DAMAGES**

With respect to mitigating damages, Tony Silva asserts that the United States by and through its employees, i.e. Agents James Scott Heard and Richard T. Marks did cause the loss of Plaintiff's property by deliberately and wantonly destroying a valuable antique fur and feather headdress. Plaintiff seeks $9,500.00 in compensatory damages for Defendant's tortious acts to offset the total loss of his personal property.

## CONCLUSION

**WHEREFORE**, Plaintiff, Tony Silva, requests the Court a trial by jury and seeking from the United States $9,500.00 in compensatory damages and further relief as law and justice may require.

Signed: ____________

Tony Silva
16850 S. Glades Drive
Apt 4
North Miami Beach, FL
33162
Tel. 305-919-9541

January 18, 2003

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the instant lawsuit has been mailed to each of the following persons on the date indicated below:

United States Attorney
99 N.E. 4th Avenue
Miami, Florida 33132

R.T. Marks
US Fish + Wildlife Service
DoI
Washington, DC 20240

Honorable John Ashcroft
U.S. Attorney General
Department of Justice
10th and Congressional Avenue
Washington, D.C. 20538

January 18, 2003

Respectfully submitted,

Signed: ____________
Tony Silva
16850 S Glades Drive
Apt 4J
North Miami Beach, FL
33162
Tel: 305-919-9541

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03 - 20797

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Tony Silva
16850 S Glades Dr Apt. J4
N. Miami Beach, Florida 33162

**DEFENDANTS**

United States

CIV-MOORE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 03-20797 CIV KMM O'Sullivan

MAGISTRATE JUDGE O'SULLIVAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
None. Plaintiff is proceeding pro-se

ATTORNEYS (IF KNOWN)

03 APR -3 PM 3:

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☑ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY) See complaint

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☑ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs.
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl Ret Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 2672

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 1/18/03 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______